BEFORE THE THIRD DIVISION, DECEMBER 18, 1946

**No. 51481.**—Protests 65765–K, etc., of Wm. Zakon & Sons, Inc., et al. (Boston and Buffalo).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

DECEMBER 18, 1946

**No. 51482.**—SUIT 4541.——*United States* v. *Washington State Liquor Control Board.* Abstract 50674 affirmed November 4, 1946. C. A. D. 352.

DECEMBER 20, 1946

**No. 51483.**—SUIT 4540.——*J. L. Hopkins & Co., Inc.* v. *United States.* Abstract 50721 reversed November 4, 1946. C. A. D. 344.

BEFORE THE SECOND DIVISION, DECEMBER 27, 1946

**No. 51484.**—Protests 494646–G, etc., of Lewis & Locke et al. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiffs was sustained.

**No. 51485.**—Protests 623032–G, etc., of Alfred Friedman Co., Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiff was sustained.

**No. 51486.**—Protests 650656–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of United States v. Julius Kayser & Co. (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiffs was sustained.

No. 51487.—Protests 127661–K, etc., of F. Schumacher & Co. et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, DECEMBER 27, 1946

No. 51488.—Protests 114442–K, etc., of W. F. Mackay (Pembina).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in Tower & Sons v. United States (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

No. 51489.—Protests 820295–G, etc., of Lun Tai & Co. (New York).

Opinion by CLINE, J. It was stipulated that the merchandise consists of kumquats similar in all material respects to those the subject of United States v. Fung Chong Co. (34 C. C. P. A. 40, C. A. D. 342). In accordance therewith the claim at 1 cent per pound under paragraph 743 as oranges was sustained.

No. 51490.—Protests 27515–K/89141, etc., of Joseph Antognoli & Co., et al. (Chicago).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited, the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of Scaramelli v. United States (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of Scaramelli v. United States, supra. The protests were sustained to this extent.

No. 51491.—Protests 119195–K, etc., of Standard Wine & Liquor Co. et al. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in United States v. Somerset (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to